No. 4332.

STATE ex rel. LIVINGSTON & GUTHRIE v. JAMES GRAHAM, State Auditor.

The Attorney General having neglected or declined to take an appeal, after having intervened and gone into the defense of the case, adopting the defense made by the Auditor and superadding grave objections to the relator's claim, it became the duty of the Governor, under this condition of affairs, to take, in the interest of the State, the appeal which he did.

The evidence of a documentary character offered by the Auditor to show that, at the time the contract relied on by plaintiff was entered into, the debt of the State was in excess of twenty-five millions of dollars, was improperly rejected.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J.* *Billings & Hughes, John Ray,* for relators and appellees. *Hornor & Benedict,* for respondent and appellant.

TALIAFERRO, J. This case was before us at the last term of this court and decided adversely to the relators. Upon an application for a rehearing the case was remanded to the lower court for the purpose of obtaining evidence more satisfactory in regard to the amount of the State debt at the time the alleged contract was entered into. See 24 An., pp. 366 *et seq.*

In the court below a judgment in favor of the relators was rendered as on the first trial in that court. From this judgment the Auditor has appealed. An appeal was also taken by Messrs. Hornor & Benedict, attorneys at law, specially engaged and authorized by the Governor to prosecute the appeal. A motion to dismiss this appeal is made on several grounds; the principal one is that the Auditor is without in-

terest or right in the controversy.  The Attorney General neglected or declined to take an appeal after having intervened and gone into the defense of the State, adopting the defense made by the Auditor, and superadding grave objections to the relators' claim.  Under this state of affairs, we think it became the duty of the Governor, in the interest of the State, to take the appeal which he did.  We think the case fully before this court, and we therefore overrule the motion to dismiss.

The Auditor offered evidence of a documentary character to show that at the time the contract was entered into the debt of the State was in excess of $25,000,000.  This evidence was rejected on purely technical grounds.  It should have been admitted.  The documentary evidence rejected is appended to a bill of exceptions taken to the refusal of the judge to admit it.  The bill of exceptions was well taken. The evidence is before us, and it fully makes out the original allegation in the answers of the Auditor and the Attorney General that the contract is null, as having been made in contravention of that clause of the constitution which forbids an increase of the State debt beyond $25,000,000.

It is therefore ordered that the judgment of the district court be annulled, avoided and reversed.  It is further ordered that there be judgment in favor of the defendant; that the rule be discharged at the costs of the relators.

HOWELL, J.  I concur in the decree for the reasons which I gave on the first hearing of this case.

LUDELING, C. J., *dissenting.*  I dissent from the opinion of the majority of the court, and I will hereafter file my reasons.